## Saupee v. Brown

*Stevens & Lee,* for defendant; *M. B. Hoffman,* contra.

SCHAEFFER, P. J., July 5, 1932.—The plaintiff, in this action of trespass, seeks to recover damages for the alienation of the affections of Clair Sauppee, the plaintiff's husband. The latter, upon the witness stand, told, unashamed, a story of carnal trafficking with the defendant, running over a period of time. Sexual intercourse of the husband with defendant was clearly proved. The jury properly returned a verdict for the plaintiff, and the only question now before us is the amount of damages awarded, to wit: Compensatory damages, $750, and punitive damages, $500, a total of $1250.

Plaintiff's husband is in the business of selling and delivering baked goods. He and the plaintiff are the parents of three children. He admits that he went out with women other than his wife before he met the defendant. On several occasions the plaintiff went around with her husband and the defendant. Plaintiff's husband borrowed money from the defendant for the purpose of purchasing a motor truck which he used in his business. For almost a year before this suit was brought the plaintiff knew of this loan. Plaintiff says that after she learned of the true relations of her husband and the defendant, she withdrew from his bed but she did not leave his home. At the time of the trial and, according to counsel, at the time of the argument of this rule, plaintiff still lived with her husband.

The evidence does not warrant the conclusion that the defendant, rather than plaintiff's husband, was the pursuer. The conduct of plaintiff's husband was scandalous; he, rather than the defendant, is the real source of plaintiff's just complaints. Under the evidence, we are justified in concluding that the husband's conduct, until caught by the plaintiff, would have been the same whether with defendant or some other woman. It would be monstrous to permit him to benefit, directly or indirectly, from any verdict recovered against the defendant, which was based upon his misconduct with her.

The defendant was not called to the stand. We are without knowledge of her financial ability with the exception that we do know she loaned some money to plaintiff's husband. Although the amount of compensatory damages must be based upon the actual injury suffered by the plaintiff, yet the amount of punitive damages should bear some relation to defendant's ability to pay. Under all the circumstances, we are of the opinion that the award of $1250 is excessive. It is, accordingly, our duty to correct the error by setting aside or reducing the verdict: Beadencup *v.* Brunner, 15 Berks Co. L. J. 158. It is believed that a reduction in the amount of the verdict to $750 would be right and just.

From Charles K. Derr, Reading, Pa.